JS-6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CODY WEISS, on behalf of himself and all others similarly situated, <br><br> Plaintiff, <br><br> v. <br><br> THE KROGER COMPANY, an Ohio corporation, RALPHS GROCERY COMPANY, an Ohio corporation and DOES 1-50, inclusive, <br><br> Defendants. | CASE NO. CV 14-3780-R <br><br> ORDER GRANTING DEFENDANTS THE KROGER COMPANY AND RALPHS GROCERY COMPANY'S MOTION TO DISMISS FIRST AMENDED COMPLAINT |

    Before the Court is defendants The Kroger Company ("Kroger") and Ralphs Grocery Company's ("Ralphs") motion to dismiss ("Motion") plaintiff Cody Weiss's ("Weiss") first amended complaint ("FAC"), which was filed on June 6, 2014. Weiss filed an opposition to the Motion on June 20, 2014, and Kroger and Ralphs filed a reply on June 30, 2014. Finding it suitable for decision on the papers, the Court took this matter under submission on July 28, 2014.

    "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A complaint must plead facts that are more than "merely consistent" with

liability. *Id.* "All allegations of material fact in the complaint are taken as true and construed in the light most favorable to the plaintiff." *Stoner v. Santa Clara County Office of Educ.*, 502 F.3d 1116, 1120 (9th Cir. 2007). A judicial review of a motion to dismiss "is generally limited to the face of the complaint, materials incorporated into the complaint by reference, and matters of judicial notice." *N.M. State Inv. Council v. Ernst & Young LLP*, 641 F.3d 1089, 1094 (9th Cir. 2011).

Weiss alleges three causes of action against Kroger and Ralphs: violation of California Civil Code section 1780, the California Consumer Legal Remedies Act ("CLRA"); violation of California Business and Professions Code section 17500, the False Advertising Law ("FAL"); and violation of California Business and Professions Code section 17200, the Unfair Competition Law ("UCL"). All three statutes require a showing that the plaintiff actually relied on the misrepresentation and then suffered harm as a result. *Nelson v. Pearson Ford Co.*, 186 Cal. App. 4th 983, 1022 (2010) ("Under the CLRA, plaintiffs must show actual reliance on the misrepresentation and harm."); *see Kwisket Corp. v. Super. Ct.*, 51 Cal. 4th 310, 322 (2011) (stating that a party must show that economic injury was a result of the unfair business practice or false advertising).

These statutes are governed by the "reasonable consumer test," which provides that a false or misleading advertising and unfair business practices claim must be evaluated from the vantage point of a reasonable consumer. *Williams v. Gerber Products Co.*, 552 F.3d 934, 938 (9th Cir. 2008). Under the reasonable consumer test, a plaintiff must show that members of the public are likely to be deceived. *Id.*

The alleged false or misleading claim here is essentially the following: the nutrition label on Kroger Sunflower Seeds lists the sodium content for the "edible portion" of the product, but this representation of sodium content only includes what is on the seed and does not include the shell. FAC ¶ 5. This misleads consumers into believing they are consuming less salt than they actually are because sunflower seed consumers generally place the entire seed, including the shell, into their mouths before spitting out the empty shell and, in doing so, they ingest the salt on the shell. *Id.* ¶ 6.

2

1  The Ninth Circuit considered a similar question in *Lilly v. ConAgra Foods, Inc.*, 743 F.3d
2  662 (9th Cir. 2014). In that case the plaintiff brought a claim against ConAgra Foods, the
3  manufacturer of David Sunflower Seeds, in which she alleged that the coating placed on the
4  sunflower seed shells is intended to be ingested before the shell is spat out and the kernel is eaten.
5  *Id.* at 663. In deciding whether state law claims were preempted by certain Food and Drug
6  Administration Regulations, the court wrote that "ConAgra's argument simply ignores the fact
7  that while the shells themselves are inedible, the coatings put on top of the shells most certainly
8  are *not* inedible." *Id.* at 665.

9  *Lilly* was solely concerned with the preemption issue and therefore does not control the
10 outcome of this case as it relates to allegations of deceptive labeling. *Id.* at 666 ("The question
11 before us at this point is whether Lilly's action is facially preempted by federal law."). Even if it
12 were controlling, however, the instant case is distinguishable from *Lilly* for several reasons. First,
13 *Lilly* dealt with a number of sunflower seed coatings, including "Ranch" and "Nacho Cheese"
14 flavors. *Id.* at 665. The seeds in this case are not alleged to have any specially flavored coating.
15 Relatedly, the court in *Lilly* noted that the seed packaging in that case contained the following
16 directions: "Crack the shell with your teeth, eat the seed and spit the shell. Experienced seeders
17 pop a handful of seeds in their mouth and store them in one cheek, then transfer a seed over to the
18 other side with their tongue, crack it, then eat the seed and split [sic] the shell." *Id.* at 664 (mistake
19 in original noted by the *Lilly* court). It is not alleged that the seed packaging involved in the instant
20 case contains any directions regarding how to eat the seeds. The lack of a special coated flavoring
21 and instructions in the instant case mean that an essential rationale of *Lilly*, that "the coatings
22 impart flavor and are indisputably intended to be ingested as part of the sunflower seed eating
23 experience," is not applicable here. *Id.* at 665.

24 Another important distinction is that in this case it is alleged that the label identified the
25 amount of sodium contained in the "edible portion" of the product. FAC ¶ 21. It does not appear
26 that the label in *Lilly* had any such qualifying language. *Lilly* 743 F.3d at 664. The fact that the
27 label in the instant case specifically refers to the sodium content on the "edible portion" of the
28 product renders Weiss's claims implausible. Weiss alleges that he was misled because he believed

3

1   that the sodium content listed on the label included the sodium found on the shells and the seed.

2   This is an untenable allegation because the presence of the words "edible portion" on the label

3   means that the label obviously contemplated and communicated that there was an inedible portion

4   of the product. What did Weiss think was the inedible portion that the nutrition label omitted if not

5   the shell? A reasonable consumer knows that the seed is edible and that the shell is not, and would

6   understand that the edible portion that the label referred to was the seed. Any allegations to the

7   contrary are not plausible and are therefore subject to dismissal pursuant to Rule 12(b)(6).

8   *Freeman v. Time, Inc.*, 68 F.3d 285, 289 (9th Cir. 1995).

9       Weiss also contends that the following statement from the label is actionable: "There's a

10   whole lot of goodness contained in each and every tiny sunflower seed. Grab a handful and

11   enjoy." FAC ¶ 26. Specifically, Weiss alleges that this language constitutes a representation that

12   the sunflower seeds are a "'good' snack, which a reasonable consumer could construe to mean

13   'healthy.'" *Id.* This language is highly subjective non-actionable puffery. *Southland Sod Farms v.*

14   *Stover Seed Co.*, 108 F.3d 1134, 1145 (9th Cir. 1997).

15       The FAC is dismissed without leave to amend because, in light of the allegations regarding

16   the content of the label, no amendment consistent with the FAC could cure its flaws. *Schreiber*

17   *Distrib. Co. v. Serv-Well Furniture Co., Inc.*, 806 F.2d 1393, 1401 (9th Cir. 1986). Additionally,

18   Weiss has already amended his complaint once and has not been able to plead an adequate claim.

19   *City of Los Angeles v. San Pedro Boat Works*, 635 F.3d 440, 454 (9th Cir. 2011) (stating that "the

20   district court's discretion to deny leave to amend is particularly broad where plaintiff has

21   previously amended the complaint.").

22       *De minimis non curat lex.*

23       IT IS HEREBY ORDERED that the Motion to Dismiss is GRANTED.

24   Dated: August 8, 2014.

                                                             MANUEL L. REAL
                                            UNITED STATES DISTRICT JUDGE